Caruthees, J.,
delivered the opinion of the court.
By the Act of 1848, ch. 219, the legislature incorporated the defendants and “ their associates and successors,” under the name of the “Montgomery Turnpike Company,” with power “to contract and keep in repair a turnpike road, commencing on the south bank of "Wolf river, in Eentress county,” &c.
On the 22d October, 1851, M. M. Brien, Esq., attorney general of the 4th circuit, filed with the clerk of Eén-tress circuit court, a paper which he denominated a writ of scire facias, signed by himself, directed to the Sheriff of Eentress county, commanding him to summon the defendants to appear at the next February Term of said court, and shew why their charter should not be vacated and declared null and void, because their said road was, and had remained for more than six months out of repair.
The clerk endorsed the writ “filed 22d October, 1851, by the attorney general.” It was served - upon the defendants by the sheriff, and they appeared at February Term, 1852, and moved to quash the said proceeding,which was done by the court, and the State appealed.
This proceeding is founded on the Act of 1835, ch. 54, § 4. Oar. & Nich., 698. This act makes general regulations in relation to all turnpike roads, provides a committee of three “ commissioners or superintendents” for each county, to examine the roads, open gates when out of repair, &e. And the 4th section says: “ If any grantee *334 or owner of any turnpike road or toll gate shall fail, for tbe space of six months, at any one time, to put or keep the same in good repair, it shall be the duty of the attorney general (upon satisfactory information being had) to issue a scire facias in the name of the State, stating the charge and complaint, and requiring the party to appear and shew cause why their charter should not be vacated, forfeited and annulled.”
Now the question here is, whether a scire facias, signed by the attorney general and not by the clerk, upon some record or official complaint lodged with him, can be sustained. We think the act requiring by .the letter that officer to issue this writ, did not intend that it should proceed from him, nor by his authority alone, and be sustained by his signature, as is attempted in this case.
The intention of the legislature was, that he should collect the facts, and file his official information before the court as a foundation for the writ, and then that the same, like any other process, should- run in the name of the State, with the signature of the clerk. At all events, the information should be filed with the clerk of the court, as a foundation for the writ to be issued by the latter. And even the validity of this course would be doubtful. It surely could not have been intended, that a proceeding of such serious import as this, demanding the forfeiture of a solemn charter, and the vacation of so important a grant as the right to a turnpike road or bridge, should be instituted without any foundation of record at the discretion of the prosecuting officer. By the Constitution of Tennessee, Art. VI., § 12, “ all writs and other process shall run in the name of the State of Tennessee, and bear test; and be signed by the respective clerks.”
*335 A scire facias is a writ. It is sometimes the commencement of a new action, as when it is issued to repeal a patent, vacate a charter and the like, (there being no action on which it can be founded;) it is in other cases the continuation of a suit, as when brought to revive a judgment after a year and a day from its rendition, or upon the marriage or death of parties. 4 Bouv. Inst., 85.
If it be a writ, it must “bear test and be signed by the clerk.” A proceeding under this statute is somewhat in the nature of criminal information in England. It is, as that was, a substitute for an indictment or presentment in certain designated cases. That was a proceeding by which offenders could be called upon to answer charges and be subject to penalties otherwise than by indictment. But by our constitution no one can be called to answer for any crime, but by presentment or indictment, and the case is only referred to for its analogy to this, as an illustration of the ground we take here. These informations were made in writing by the King’s attorney general ex officio, or by the master of the crown office; Arch. Or. PL, 69 and 70. These informations are required to contain the material facts constituting the offense charged, so that the court might see that they were sufficient, before a rule to proceed could be granted; Hid, 73, 74. So, before further proceedings, the court were to judge of the charge made, and pass upon its sufficiency, to call upon the accused to answer. This was a protection to the citizen against frivolous or insufficient accusations.
We do not believe that a relator or prosecutor is necessary here to be responsible for cost, as it has been contended for defendants. But the attorney general, whose duty it is made by the statute in question, must file ex officio his complaints or information, setting forth the *336 facts charged, in lieu of an indictment or presentment, that the court may see whether they are sufficient to call .upon the accused to answer. .That is sufficiently done in this case, but not in the right form; nor was it submitted to the court as a foundation for an order for the writ to issue. If the court so regards them, the same will be filed as a foundation of the proceedings, and a writ of scire facias will be ordered to issue by the clerk. The attorney general may make the information or charge upon any ground that may be satisfactory to him, without more; or he may accompany his charge with affidavits. Either will be sufficient to call upon the accused to answer if, in the opinion of the court, enough be set ...forth'ip the written accusation. It will be taken as prima facie true, for the purpose of calling upon the defendant to. answer'. The legislature surely could not have contem■plated a proceeding so informal as the one now under 'consideration, or less so than the mode1 we have herein prescribed.
¥e think then, that the court below committed no error in quashing the so called scire facias, and we therefore affirm the judgment